(Surrogate's Court, Rockland County. October, 1895.)

1. TRANSFER TAX—ASSESSMENT AFTER DISTRIBUTION.

Where the transfer tax is assessed against an estate after settlement of the account of the administratrix, and payment to her of the balance of the estate, as the only next of kin, she will be liable for payment of the assessed tax, though she paid out on her own account, prior to the assessment, the balance so paid over to her.

2. ORDER ASSESSING TRANSFER TAX—VALUATION—FAILURE TO APPEAL.

Where the balance found in the hands of an administratrix on settlement of her accounts is decreed to be paid to her, as the only next of kin, and is taken as the basis of valuation in subsequently assessing the transfer tax against the estate, her failure to appeal from the order assessing the tax, notice of which was served on her, will bar her from claiming that the valuation is incorrect.

Proceeding to subject the estate of Mary Hacket, deceased, to the transfer tax. The estate was assessed for taxation, and the district attorney moves to compel the payment of the tax. Granted.

Frank Comesky, for administratrix.

TOMPKINS, S. This is a motion made by the district attorney to compel payment of the transfer tax heretofore assessed herein. Mary Hacket left but one next of kin, to wit, Elizabeth Hacket, the administratrix. On the 12th day of June, 1893, the final account of the administratrix was settled, by which the sum of $13,465.37 was found in her hands, which amount, by the decree, the administratrix was directed to retain as the only next of kin of the deceased. No proceedings were ever taken by the administratrix to have the transfer tax determined, and, subsequent to the said accounting, an appraiser was appointed by the surrogate, and subsequently an order made fixing the amount of the tax to which the said estate is liable at the sum of $134.65. This order was made on the 11th day of June, 1894. A motion was immediately thereafter served upon the administratrix of the making and filing of the order assessing the tax, and the amount thereof. No appeal has ever been taken from that determination, and no proceedings have been taken by the administratrix, and the tax has not been paid. In answer to this motion, the administratrix alleges that the whole amount of $13,465.37, received by her under the decree, had been paid out by her on her own account prior to the assessing of the tax. This is no legal excuse for the nonpayment of the tax. The law makes it the duty of the representative to have the tax assessed and paid, and an executor or administrator is personally liable for the tax until its payment. The tax is further declared to be a lien upon the

property transferred until paid. The statute is positive and mandatory, and the surrogate has no discretion in the matter.

The further claim is made by the administratrix that in making her account she did not credit herself with physician's charges, undertaker's bill, cemetery charges, and other charges, and that she waived the commissions to which she was entitled by law, and that by reason thereof the balance found by the decree to be in her hands was more than the amount of the estate which was liable to the tax, and the claim is made that the estate which was liable to the payment of the tax did not exceed the sum of $6,750. It is too late now to make this claim, and there is no way under the statute by which I can permit the matter to be opened, and proof taken to correct the mistake. The administratrix had full opportunity before the appraiser to state the facts now alleged in her affidavit, and there was given a full opportunity to have deducted from the bulk of the estate the debts and proper charges.

Again, the order fixing the tax was served upon her, and by it she was apprised of the amount of the tax, and the statute gave her 60 days within which to appeal from the determination. By failing to take advantage of her right of appeal, she is barred from raising any question now as to the correctness of the amount assessed. It is a well-established rule that the time fixed by the statute within which an appeal may be taken cannot be extended or enlarged by the court.

Let an order be presented requiring payment of the tax and accumulated interest within 10 days, with $10 costs of this motion.

Ordered accordingly.